

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH DAVIDSON,

       Petitioner,           CRIMINAL NO.    01-CR-80497-DT
                                  CIVIL ACTION NO. 04-CV-74833-DT

vs.

                                 DISTRICT JUDGE PAUL D. BORMAN

                                 MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF
AMERICA,

       Respondent.
_____/

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

                     \*     \*     \*

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on December 10, 2004, alleging a violation of his federal constitutional right to due process incident to his guilty plea before United States District

Court Judge Paul Borman of the Eastern District of Michigan. As a result of a Rule 11 plea bargain agreement which fully set forth the promises made by both parties, the Petitioner pled guilty on August 23, 2001, before Judge Borman, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court later sentenced Petitioner on October 28, 2002, to the custody of the Attorney General for a term of 48 months. Petitioner did not file a direct appeal of his conviction to the Sixth Circuit Court of Appeals.

Petitioner contends that he should be re-sentenced in accordance with the recently announced Supreme Court decision in United States v.Booker, ___ U.S. ___, 125 S.Ct. 738 (2005). Petitioner argues that his sentence was imposed in violation of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004) because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted

2

by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

The Respondent filed an answer to the Motion to Vacate on February 22, 2005, contending that the motion was barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Moreover, the Respondent asserted that since Petitioner's plea agreement based conviction became final before Booker, he was not entitled to any relief because the Supreme Court explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review. In a reply dated March 28, 2005, Petitioner claimed that his petition was timely because it was filed within one year from the date of the Supreme Court's decision in Booker.

Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996. Among other things, the Act amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder. Specifically, section 2255 now reads in pertinent part as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>(1) the date on which the judgment of conviction becomes final;[*]

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

---

[*]The United States Supreme Court has defined a federal conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (citing United States v. Johnson, 457 U.S. 537, 542 n. 8(1982)).

Since Petitioner's conviction became final at sentencing on October 28, 2002, after the effective date of the AEDPA (April 24, 1996), the one year limitation period must be applied. Since Petitioner did not file a direct appeal, his conviction became final when the time for filing a notice of appeal expired -- 10 days from the entry of judgment, under Rule 4 of the Federal Rules of Appellate Procedure. As a result, Petitioner's judgment of conviction became final on November 13, 2002, and his one-year period for filing the instant § 2255 motion expired on November 13, 2003. By waiting until December 10, 2004, more than a year beyond the expiration of the one year time limit, Petitioner has failed to file the instant § 2255 motion in a timely manner.

In his reply brief, Petitioner contends that his petition was timely because it was filed within one year from the date of the decision in Booker. As Respondent correctly pointed out, a right newly recognized by the Supreme Court must be made retroactively applicable to cases on collateral review. See § 2255 ¶6(3). The Booker Court explicitly provided that its holding was to be applied only to pending cases on direct review United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply

5

retroactively to convictions that had become final on direct appeal. Since Petitioner's conviction became final on November 13, 2002, well before the <u>Booker</u> decision was announced, the instant petition was not timely and he is not entitled to sentence relief.

Accordingly, I recommend that the instant Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

*/s/ Donald C. Scheer*
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 4/12/05

cc: Honorable Paul Borman
    Kenneth Davidson
    Jennifer Peregord

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH DAVIDSON,

       Plaintiff,          CIVIL ACTION NO. 04-74833

v.                           DISTRICT JUDGE PAUL D. BORMAN

UNITED STATES OF AMERICA,    MAGISTRATE JUDGE DONALD A. SCHEER

       Defendant.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in <u>pro per</u> in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 12th day of April, 2005.

    Kenneth Davidson
    #29827-039
    FCI Fort Dix
    P.O. Box 7000
    Fort Dix, NJ 08640

    Jennifer Peregord
    Assistant U.S. Attorney
    211 W. Fort Street
    Suite 2001
    Detroit, MI 48226

FILED 2005 APR 12 P 3:05

*Terri L. Hackman*
Terri L. Hackman, Secretary to
Magistrate Judge Donald A. Scheer

(Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

**EASTERN** District of **MICHIGAN**

UNITED STATES OF AMERICA

v.

David Gordon
*Defendant*

**CONSENT**

**ORDER OF DETENTION PENDING ~~TRIAL~~**
VSR Heng

**CRIMINAL NUMBER:**

99-80233

FILED APR 12 2005 CLERK'S OFFICE

### Part I—Findings of Fact

The defendant in open court, and with the advice of counsel, consented to detention reserving the right to have a detention hearing at a later time.

### Part II—Written Statement of Reasons for Detention

Based upon the consent of the defendant, detention is ordered. The defendant may ~~request~~ a detention hearing at a later date.

VSR Heng is 4-22-05 at 1:30, Judge O'Meara in Ann Arbor

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

4/12/05
*Date*

*Virginia M. Morgan*
VIRGINIA M. MORGAN

VIRGINIA M. MORGAN, UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).